# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| JORDAN COFFEY,<br><br>        Plaintiff,<br><br>vs.<br><br>EQUIFAX INFORMATION SERVICES, LLC; TRANS UNION, LLC; and WOOD FINANCE, LLC<br><br>        Defendants. | No. _____ |

**NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446, 1453**

**[Removal of civil action from Commonwealth of Kentucky, Madison Circuit Court, Division I, Case No. 22-CI-00190]**

TO: THE CLERK OF THE U.S. DISTRICT COURT OF THE EASTERN DISTRICT OF KENTUCKY, PLAINTIFF AND HIS ATTORNEYS OF RECORD, AND DEFENDANT WOOD FINANCE, LLC AND ITS ATTORNEYS OF RECORD:

Defendant Trans Union LLC ("Trans Union"), pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, hereby gives notice of the removal of this civil action from the Commonwealth of Kentucky, Madison Circuit Court, Division I, Case No. 22-CI-00190, to the U.S. District Court for the Eastern District of Kentucky, Central Division. In support of its notice of removal, Trans Union states:

1. On May 11, 2022, Plaintiff Jordan Coffey ("Plaintiff") filed a lawsuit in the Commonwealth of Kentucky, Madison Circuit Court, Division I, captioned *Coffey v. Equifax Information Services, LLC et al.*, Case No. 22-CI-00190 (the "State Court Action"). By the State Court Action, at the time of its filing, Plaintiff asserted individual claims against Defendants Trans Union, Equifax Information Services, LLC ("Equifax"), and Wood Finance, LLC ("Wood Finance").

2. On August 4, 2022, Plaintiff filed his Motion for Leave to File His First Amended Class Action Complaint ("Class Complaint") (copy attached as Ex. B), and the court granted Plaintiff's motion on September 15, 2022. (State Court Action Docket at 2 (copy attached as Ex. C).) Thus, as of September 15, 2022, the Class Complaint became the operative pleading in the State Court Lawsuit.[1]

3. By the Class Complaint, Plaintiff added class claims against Trans Union for alleged violations of the federal Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.* (the "FCRA"). (Class Compl. ¶¶ 2 (at 1), 78-80 (at 14-15).)[2]

4. Specifically, Plaintiff alleges that on or about February 14, 2022, he "authorized, and directed" that a dispute letter be sent to Trans Union relating to (in relevant part) an alleged inaccuracy in the data that Wood Finance had reported to Trans Union about Plaintiff's account with Wood Finance. (Class Compl. ¶¶ 24 (at 5), 28 (at 5).) In response, Plaintiff alleges that Trans Union sent him a letter, dated February 26, 2022 (the 'TU Letter"), in which Trans Union informed Plaintiff that Trans Union would not process his dispute because 'it didn't appear that you or a properly authorized third party sent it to us.'" (Class Compl. ¶ 32 (at 6).) Plaintiff alleges that, by sending the "TU Letter" in response to his dispute, Trans Union violated "its statutory duty under 15 U.S.C. § 1681i(a)(2)." (Class Compl. ¶ 31 (at 6).)

---

[1] As of that date, Plaintiff's claims against Equifax had been dismissed, and Equifax is no longer a party to the State Court Action. (State Court Action Docket at 1, 2.)

[2] Plaintiff's allegations in the Class Complaint begin with paragraphs 1 through 80, but Plaintiff then re-starts the numbering with another paragraph 57 on page 15, and then re-starts the numbering at 1 again in his Prayer for Relief. Accordingly, when citing the Class Complaint, Trans Union will provide both paragraph and page citations.

5. By the Class Complaint, Plaintiff seeks to represent a class of Kentucky citizens to whom, since May 11, 2020, Trans Union also sent the "TU Letter" in response to a dispute. (Class Compl. ¶¶ 79-80 (at 14-15).)

6. Plaintiff alleges that Trans Union's sending of the "TU Letter" constitutes a willful violation of the FCRA and, under 15 U.S.C. § 1681n of the FCRA, seeks on behalf of himself and each class member "actual damages, statutory damages, punitive damages, attorney's fees and costs." (Class Compl. ¶ 76 (at 18-19).)

7. Under the remedial provisions of the FCRA, 15 U.S.C. § 1681n(a), if Plaintiff can prove his allegations of class-wide willful FCRA violations, Trans Union may be liable to Plaintiff and each putative class member for statutory "damages of not less than $100 and not more than $1,000," plus "punitive damages as the court may allow," as well as attorney's fees and costs awarded by the court.

8. Removal is proper pursuant to 28 U.S.C. § 1441 because this is a civil action over which this Court has original jurisdiction pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d) ("CAFA"). Specifically, removal is proper under § 1332(d) because: (a) the State Court Action was brought as a putative class action under Kentucky law; (b) at least one member of the putative class is a citizen of a different state than the defendants; (c) the number of putative class members in the aggregate is larger than 100; and (d) the amount in controversy exceeds $5 million.

9. Removal is timely pursuant to 28 U.S.C. § 1446(b)(3) because it is being filed within 30 days of the state court allowing Plaintiff to file his Class Complaint which added class claims against Trans Union to the State Court Action. Here, the state court allowed the filing of the Class Complaint which added the class claims against Trans Union on September 15, 2022. (State Court Action Docket at 2.) Therefore, this Notice of Removal is timely because it is being filed within 30 days of September 15, 2022. *See* 28 U.S.C. § 1446(b)(3); *Freeman v. Blue Ridge Paper Prods.*, 551 F.3d 405, 409-410 (6th Cir. 2008) (grant of motion to file amended complaint with class allegations, and actual filing of same, began 30-day period for removal pursuant to CAFA).

10. *Covered Class Action.* This action meets the CAFA definition of a class action, i.e., "any civil action filed under [R]ule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure." 28 U.S.C. §§ 1332(d)(1)(B), 1453(a), (b). Here, the Class Complaint was brought as a putative class action under Kentucky law. (Class Compl. ¶¶ 78-80 (at 14-15), 57-68 (at 15-17.)

11. *Diversity of Citizenship.* The required diversity of citizenship under CAFA is satisfied because Plaintiff is a citizen of Kentucky, (Class Compl. ¶ 6 (at 2)), and neither Defendant is a citizen of Kentucky. *See* 28 U.S.C. § 1332(d)(2)(A). As Plaintiff alleges, Trans Union "is a foreign limited liability company registered to do business with Kentucky Secretary of State with principal place of business located at 555 West Adams, Chicago, IL 60661." (Class Compl. ¶ 7 (at 2).) As

Plaintiff alleges, Wood Finance "is a foreign corporation registered with the Kentucky Secretary of State with principal office located at 9280 Association Court, Indianapolis, IN 46280. Wood." (Class Compl. ¶ 9 (at 3).) Thus, Plaintiff is a citizen of Kentucky and neither Defendant is a citizen of Kentucky.

12. *Putative Class Members*. This action meets CAFA's 100 putative class member requirement. 28 U.S.C. § 1332(d)(5)(B). By the Class Complaint, Plaintiff seeks to represent a class of Kentucky citizens to whom, since May 11, 2020, Trans Union sent the "TU Letter" in response to a dispute. (Class Compl. ¶¶ 79-80 (at 14-15).) According to Trans Union's records, since May 11, 2020, it has sent the "TU Letter" to at least 4,593 consumers with addresses in Kentucky. Thus, there are at least 4,593 putative class members.

13. *Amount in Controversy*. This action meets CAFA's $5 million amount-in-controversy requirement. Under CAFA, the claims of the individual class members are aggregated to determine if the amount in controversy exceeds the required "sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. §§ 1332(d)(2), (d)(6).

    a.    Here, for Trans Union's alleged FCRA violations, Plaintiff seeks on behalf of each class member "maximum statutory damages … pursuant to 15 U.S.C. § 1681n." (Class Compl. ¶ 4 (at 19).) Such "maximum statutory damages" recoverable under the FCRA are $1,000. 15 U.S.C. § 1681n(a)(1)(A). Therefore, the request for "maximum statutory damages" of $1,000 on behalf of each of the

at least 4,593 putative class members puts at issue at least $4.593 million. *See, e.g., Black v. Crowe, Paradis & Albren, LLC*, No. 5:1401870KKC, 2014 U.S. Dist. LEXIS 112913, at *5 (E.D. Ky. 2014) (multiplying number of putative class members by claimed damages to determine amount in controversy for CAFA removal).

b. Plaintiff also seeks, on behalf of the putative class, punitive damages under 15 U.S.C. § 1681n. (Class Compl. ¶¶ 6 (at 19), & 8 (at 19).) As courts recognize, the United States Constitution permits awards of punitive damages approaching a 4:1 punitive-to-damages ratio. *See, e.g., Brown v. Paducah & Louisville Ry., Inc.*, No. 3:12-CV-00818-CRS, 2013 U.S. Dist. LEXIS 132608, at *12 & n.5 (W.D. Ky. Sept. 16, 2013) (citing *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 424-26, 123 S. Ct. 1513, 155 L. Ed. 2d 585 (2003)). Accordingly, when considering the amount-in-controversy requirement for CAFA removal, courts routinely recognize that the potential recovery of punitive damages represent a multiple of the possible damages, and that multiple is added to the possible damages when calculating the amount in controversy. *See, e.g., McElroy v. Cordish Cos.*, No. 3:15-cv-390-DJH, 2016 U.S. Dist. LEXIS 33586, at *9-10 (W.D. Ky. March 16, 2016) (using punitive-to-damages ratio of 4:1

when determining amount at issue for CAFA removal); *Brown*, 2013 U.S. Dist. LEXIS 132608, at *11-13 (using "conservative" punitive-to-damages ratio of 2:1 when determining amount at issue for CAFA removal). Even if that multiple here is conservatively estimated at one—i.e., a 1:1 ratio well below what other courts have used when determining the amount in controversy was satisfied for removal pursuant to CAFA—that would put at least $4.593 million in punitive damages at issue, making the entire amount at issue $9.186 million.

c. Plaintiff also seeks the recovery on behalf of the putative class as award of attorneys' fees and costs under 15 U.S.C. § 1681n(a)(3). (Class Compl. ¶¶ 76 (at 18-19), 8 (at 19).) Courts calculating the amount-in-controversy for purpose of CAFA removal recognize that any attorney's fee award would be a percentage of the damages award. *See, e.g., Evers v. La-Z-Boy Inc.*, No. 21cv2100-LL-BLM, 2022 U.S. Dist. LEXIS 133860, at *30-33 (S.D. Cal. July 27, 2022) (finding, when discussing amount at issue for CAFA removal, that "25% fee recovery is the 'benchmark' level for reasonable attorneys' fees in class action cases"); *Callery v. HOP Energy, LLC*, No. 20-3652, 2022 U.S. Dist. LEXIS 141215, at *6-7 (E.D. Pa. Aug. 8, 2022) ("assuming that attorney's fees may exceed 20%" when calculating amount

in controversy under CAFA); *Schott v. Overstock*, No. 4:20-cv-00684-MTS, 2021 U.S. Dist. LEXIS 8353, at *10-11 (E.D. Mo. Jan. 15, 2021) (using a 33% attorney's fee award to determine amount in controversy for CAFA removal). Using a conservative 20% fee award, based only on the $4.593 million at issue for the statutory damages claims, would place an additional $918,600 at issue.

    d.    Combined with the requests for statutory and punitive damages, that brings the total amount at issue here to in excess of $10.1 million, which is more than double the $5 million required under CAFA.

14.    Removal to this Court is proper because it is the district and division including the Commonwealth of Kentucky, Madison Circuit Court, Division I, where the State Court Action was pending. *See* 28 U.S.C. § 1441(a).

15.    Trans Union has complied with the procedural requirements in 28 U.S.C. § 1446:

    a.    All process, pleadings, and orders served by Plaintiff on Trans Union are attached as Group Exhibit A. *See id.* 1446(a).

    b.    Trans Union provides this Notice of Removal to:

        i.    Plaintiff, by its attorneys of record James R. McKenzie, James R. McKenzie Attorney, PLLC, 115 S. Sherrin Avenue, Suite 5, Louisville, KY 40207,

jmckenzie@jmckenzielaw.com and James H. Lawson, Lawson at Law, PLLC, P.O. Box 1286, Shelbyville, KY 40066, james@kyconsumerlaw.com;

ii. Wood Finance, by its attorneys of record Cristina F. Keith, Keith Law Office, 301 E. Main Street, Suite 1000, Lexington, KY 40507, ckeith@ckeithlaw.com; and

iii. The Commonwealth of Kentucky, Madison Circuit Court, Division I before which the State Court Action was pending. *See id*. § 1446(d).

c. Trans Union will also file a Notice of Filing attaching a copy of this Notice of Removal and Exhibits in the State Court Action. *See id*.

Dated: October 14, 2022            Respectfully submitted,

*s/ Jared Brown*_____
Jared Brown, Esq. (KY #99756)
SCHUCKIT & ASSOCIATES, P.C.  4545 Northwestern Drive  Zionsville, Indiana 46077  Telephone: (317) 363-2400, Ext. 135 Facsimile: (317) 363-2257
jroberts@schuckitlaw.com
jbrown@schuckitlaw.com

## CERTIFICATE OF SERVICE

  The undersigned hereby certifies that a true copy of the foregoing was served on the following parties via electronic mail and First Class, U.S. Mail, postage prepaid, and/or email, on October 14, 2022, properly addressed as follows:

James R. McKenzie
*James R. McKenzie Attorney, PLLC*
115 S. Sherrin Avenue, Suite 5
Louisville, KY 40207
Tel: (502) 371-2179
Fax: (502) 257-7309
Email: jmckenzie@jmckenzielaw.com

James H. Lawson
*Lawson at Law, PLLC*
P.O. Box 1286
Shelbyville, KY 40066
Tel: (502) 473-6525
Fax: (502) 473-6561
E-mail: james@kyconsumerlaw.com

Cristina F. Keith
*Keith Law Office*
301 E. Main Street, Suite 1000
Lexington, KY 40507
Tel: (859) 288-0070
Fax: (859) 288-0092
Email: ckeith@ckeithlaw.com

          *s/ Jared Brown*
          Jared Brown, Esq. (KY #99756)
          SCHUCKIT & ASSOCIATES, P.C.
          4545 Northwestern Drive
          Zionsville, Indiana 46077
          Telephone: (317) 363-2400, Ext. 135
          Facsimile: (317) 363-2257